UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MATT BOWYER ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> ) <br> DOMINION LAW ASSOCIATES ) <br> & ) <br> ARROW FINANCIAL ) <br> SERVICES, LLC ) <br> ) <br> Defendant ) <br> ) | Case Number <br><br> CIVIL COMPLAINT <br><br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Matt Bowyer, by and through his undersigned counsel, Robert R. Gillispie of The Gillispie Law Firm, P.C., complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Matt Bowyer, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District and both Defendants transact business in this District and maintain primary offices in this District.

### III. PARTIES

4. Plaintiff, Matt Bowyer, is an adult natural person residing at 111 Pine Tree Lane, Bedford, VA 24523. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Dominion Law Associates ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the states of Virginia with its principal place of business located at 222 Central Park Avenue, Virginia Beach, VA 23462-3026.

6. Defendant, Arrow Financial Services, LLC ("Defendant"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the states of Virginia with its principal place of business located at 5996 West Touhy Avenue, Niles, IL 60714.

7. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

8. Plaintiff is engaged with the law firm of Persels & Associates, LLC to help aid him in his debt settlement negotiations.

9. On or about September 3, 2008, Plaintiff was contacted about an alleged debt that was owed to FIA Card Services on behalf of Bank of America.

10. Plaintiff was told that he needed to make plans with Defendant, Arrow Financial Services, LLC, immediately or further action could be taken. **See Exhibit "A" (letter) attached hereto.**

11. On or about January 14, 2009, with the help of Persels, Plaintiff settled with Defendant, Arrow Financial Services, LLC, for the debt owed to Bank of America. **See Exhibit "B" (confirmation letter) attached hereto.**

12. The original debt was for approximately $2,081.84 and Defendant, Arrow Financial, agreed to a settlement amount of approximately $499.00.

13. Payment was to be made in three installments of $166.66.

14. Plaintiff's first payment was due on or before January 30, 2009, the second on February 28, 2009 and the final payment on March 31, 2009.

15. On or about January 21, 2009, Persels, on behalf of the Plaintiff issued the first check in the amount of $166.66 to pay toward the above mentioned debt. **See Exhibit "C" (cancelled check) attached hereto.**

16. The check was deposited by Defendant, Arrow Financial, and not returned to Persels or the Plaintiff.

17. On or about February 23, 2009, Persels sent the second check of $166.66 to Defendant, Arrow Fianncial. **See Exhibit "D" (cancelled check) attached hereto.**

18. The check was deposited by Defendant, Arrow Financial, and not returned to Persels or the Plaintiff.

19. The final payment of $166.66 was issued on or about March 23, 2009 and deposited by Defendant, Arrow Financial. **See Exhibit "E" (cancelled check) attached hereto.**

20. Plaintiff's account referenced above is paid in full.

21. In or around December, 2009, Plaintiff started to be contacted by Defendant, Dominion Law Associates, demanding payment on this account.

22. On or about December 14, 2009, Persels sent a "cease and desist" letter to Defendant, Dominion Law Associates, informing them to stop all further contact with the Plaintiff on this matter. **See Exhibit "F" (letter) attached hereto.**

23. Defendant, Dominion Law Associates, continued to pursue collection practices against the Plaintiff.

24. On or about March 24, 2010, Persels sent a second (2nd) "cease and desist" letter to Defendant, Dominion Law Associates. **See Exhibit "G" (letter) attached hereto.**

25. On or about April 7, 2010, at 8:48 am, Plaintiff received a call from Defendant, Dominion Law Associates, agent, "Lisa", collecting on the above paid in full account.

26. On or around April 14, 2010, Plaintiff received a notice from Defendant, Dominion Law Associates collecting on the debt. The notice states that they were hired by Defendant, Arrow Financial Services, to collect on this account. **See Exhibit "H" (notice) attached hereto.**

27. On or about April 30, 2010, Plaintiff received a voice mail message from Defendant, Dominion Law Associates, which stated if you are listening to this message

then you are acknowledging that you are "Matt Bowyer" and this is an attempt to collect on an account.

28. Plaintiff has continuously informed Defendant, Dominion Law Associates, that the debt has already been paid, but the calls continue.

29. On or about May 17, 2010, Persels sent the cancelled checks and contract with Defendant, Arrow Financial Services, to the Defendant, Dominion Law Associates, on behalf of the Plaintiff.

30. Defendant, Dominion Law Associates, continues to call and demand payment on this matter.

31. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which was to harass, oppress or abuse the Plaintiff in connection with the collection of a debt.

32. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their actions and the actions of their agents within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

34. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

35. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

36. The above paragraphs are hereby incorporated herein by reference.

37. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

38. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(c) | After written notification that consumer refuses to pay debt, or that consumer wants collector to cease communication |
| §§ 1692d | Any conduct the natural consequence is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

§§ 1692f     Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendants, Dominion Law Associates and Arrow Financial Services, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**The Gillispie Law Firm, P.C.**

Date: September 20, 2010      BY:  /s/ *Robert R. Gillispie*
                              Robert R. Gillispie, Esquire

The Gillispie Law Firm, P.C.
Post Office Box 6025
Leesburg, VA 20178
571-252-7840   Fax 571-252-7843
Attorney for Plaintiff